ORIGINAL

# In the United States Court of Federal Claims

No. 14-1198C
(Filed: February 13, 2015)

FILED
FEB 13 2015
U.S. COURT OF
FEDERAL CLAIMS

```
* * * * * * * * * * * * * * * * * * * * *
```
PAUL JAMES UPSHER,

    *Plaintiff*,

v.

THE UNITED STATES,

    *Defendant.*

```
* * * * * * * * * * * * * * * * * * * * *
```

ORDER

    Plaintiff, Paul James Upsher, appearing *pro se*, filed a complaint in this court on December 12, 2014. Defendant has not filed an answer or otherwise responded to the complaint. We need not wait for an answer, however, because it is obvious that we lack subject-matter jurisdiction.

    Although complaints filed by *pro se* plaintiffs are held to "less stringent standards than formal pleadings drafted by lawyers," *Estelle v. Gamble*, 429 U.S. 97, 106 (1976), that cannot excuse jurisdictional defects that appear on the face of the pleadings. Jurisdiction is a threshold issue which "may be challenged at any time by the parties or by the court sua sponte." *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004). Pursuant to rule 12(h)(3) of the Rules of the United States Court of Federal Claims, if we determine "at any time that [we] lack[] subject-matter jurisdiction, [we] must dismiss the action." Jurisdiction in this court is primarily based on the Tucker Act, which empowers us to "render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1) (2012).

Plaintiff's complaint is very difficult to decipher. From what we are able to discern from it, plaintiff seeks to overturn his criminal convictions by the Commonwealth of Pennsylvania in 1979 for murder, robbery, criminal conspiracy, and illegal possession of firearms. Plaintiff alleges that he was induced to waive his rights and privileges by "shrewd legal [entrapment], deception, color of law and [c]onstructive [f]raud," placing plaintiff under "de factor and foreign JURISDICTION AUTHORITY." Compl. 2. He cites the Pennsylvania Constitution, the United States Constitution, and the Declaration of Human Rights in support. Plaintiff also alleges breach of contract but ultimately specifies no amount of monetary damage sustained from the injury.

We decline to entertain claims that are, in essence, "a collateral attack on [criminal] convictions under the guise of a claim for money damages." *Carter v. United States*, 228 Ct. Cl. 898, 900 (1981). We have no jurisdiction unless there is a constitutional provision, statute, or regulation which "can fairly be interpreted as mandating compensation by the Federal government for the damage sustained." *Eastport S.S. Corp. v. United States*, 178 Ct. Cl. 599, 607 (1967). We cannot identify in plaintiff's complaint, even in the light most favorable to plaintiff, such a statute, regulation, or constitutional provisions that would grant plaintiff a right to the payment of money. To put it simply, we do not possess jurisdiction to entertain criminal matters.

Because we find that we lack subject-matter jurisdiction over plaintiff's complaint, we must dismiss it. Accordingly, the clerk of court is ordered to dismiss the complaint and enter judgment accordingly. No costs.

ERIC G. BRUGGINK
Judge